[Civ. No. 4118.   Third Appellate District.—June 11, 1930.]

AUGUST BOZEGIAN, Appellant, v. VAHAN BAKIRJIAN et al., Defendants; PARTHO EGAVIAN, Respondent.

Arsen Yeretzian for Appellant.

Benno M. Brink for Respondent.

PLUMMER, J.—So far as this appeal is concerned, it affects only the plaintiff and the defendant Egavian.

The appeal by the plaintiff is from a judgment entered in favor of the defendant Egavian, in an action prosecuted by the plaintiff to recover the sum of $25,350 damages alleged to have been suffered at the hands of the defendant Egavian.

The record discloses that just prior to the alleged act which occasioned the injury to the plaintiff, the plaintiff and the defendant Bakirjian had been engaged in an altercation and fight in a room on the second floor of a building known as 543 South Los Angeles Street, in the city of Los Angeles. The complaint in this action sets forth that shortly after this occurrence, the plaintiff left the room mentioned, went down the stairway of the building to the sidewalk in front thereof; that shortly thereafter, the defendant Bakirjian came down the stairway to where the plaintiff was standing and assaulted him with a knife; that at the time of the assault the defendants Egavian and Serailian seized the plaintiff in such a manner as to hold both

his arms, preventing him defending himself, and permitting the defendant Bakirjian to strike the plaintiff in the face, so injuring the plaintiff that the plaintiff lost the sight of one eye.

The answer of the defendant Egavian denies participation in the acts alleged by the plaintiff, sets forth a number of denials upon information and belief, and then directly denies that he, the defendant Egavian, was guilty of any of the acts alleged in the plaintiff's complaint. The answer also denies that the defendant Serailian participated in any of the acts. It would appear, however, that the defendant Serailian permitted default to be entered against him.

Upon this appeal two grounds of error are alleged: 1. That the court erred in denying the appellant's motion to strike out the answer of the defendant Egavian; and 2. That the findings of the trial court are not supported by the testimony. ▇ The appellant, in support of his contention that the court erred in denying his motion to strike out the answer of the defendant Egavian, characterizes the pleading of the defendant in the following words: "The answer is a monument of contradictions, conjunctural denials, denials loaded with negative pregnants, denials not within the scope or knowledge of defendant, denials which are incompetent, irrelevant, immaterial; denials not made with good faith; denials made wholly in disregard of the truth." A reading of the answer filed by the defendant Egavian leads to the conclusion that plaintiff's characterization thereof is not without some merit. Many denials contained in the answer appear to have been made without much consideration having been given to the verification which appears at the conclusion of the pleading. However applicable the characterization of the plaintiff, nothing is presented to this court upon which we can base a conclusion that the ruling of the trial court in denying the appellant's motion to strike out the answer of the defendant Egavian, constitutes any cause for reversal. Irrespective of many of the denials in the answer which appear to have no proper place therein, there are portions in the answer constituting proper denials of the plaintiff's allegations. Section 453 of the Code of Civil Procedure reads: "Sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading may be stricken out, upon such terms as the court

may, in its discretion, impose." Just what motion was interposed by the plaintiff in relation to the defendant's answer, does not appear. The record in this case is entirely silent as to the contents of such motion. All that appears in the record is the following (omitting title of court and cause) : "Motion to strike answer of complaint from files comes on for hearing. Arsena Yeretzian appearing as attorney for the plaintiff and B. M. Brink for defendants. Said motion is denied."

If the motion of the plaintiff was to strike out the entire answer of the defendant, its denial by the court was proper. Had the motion been made to strike out certain portions thereof, doubtless the court would have granted the same.

Nothing appearing to the contrary in the record, it must be presumed by this court that the order of the trial court denying whatever motion the plaintiff did make, if any, was properly denied.

As to the second ground upon which reversal is sought, we do not need to set forth the testimony at length. It is sufficient to state that the testimony of the defendant Egavian is to the effect that when he left the room where the fight between the plaintiff and Bakirjian had taken place, and in which he did not participate, that he went home immediately; that he was not present when the events taking place on the sidewalk in front of the building transpired. On the other hand, the testimony of the plaintiff is directly to the effect that the defendant Egavian was one of the persons who held his arms while he was assaulted by the defendant Bakirjian. Two witnesses other than the plaintiff and defendant, testified that the defendant Egavian was present at the time of the fight which took place on the sidewalk.

The trial court heard this conflicting testimony. It had before it the witnesses, and was, of course, the judge of the credibility of the different witnesses appearing in the cause. The trial court had a right to accept the version of the affair given by the defendant Egavian, if that version seemed to the court more credible. It may be here stated that the place where the encounter took place does not appear to be a very high-class resort, and testimony given of occurrences taking place in such resorts is not always the most reliable. But it was for the trial court to deter-

mine, if possible, the truth of the matter. We do not need to cite authorities to the effect that where the testimony is conflicting, an appellate court will not hold that a finding based thereon is not properly sustained.

The appeal in this cause appears to be wholly without merit and the judgment is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.